UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

J. SCOTT VRIELING and
PATRICIA D. VRIELING,

    Defendants.

NO.  CR-11-057-RHW

**ORDER ON MOTIONS**

A motion hearing was held on July 19, 2012, in Spokane, Washington. Defendants appeared on their own behalf.  The Government was represented by George Jacobs, III.  Pending before the Court were the Government's Motion for Discovery (ECF No. 51), Motion in Limine Regarding the Admissibility of 404(b) Evidence (ECF No. 56 ) and Motion in Limine to Exclude (ECF No. 65).

The Court in an earlier order ( ECF No. 85) scheduled a hearing on all pending motions to be heard on July 12, 2012 and then reset the hearing to July 19, 2012 (ECF No. 88).

The Court considered the Government's pending motions on the basis of the written filings. The Defendants did not file any motions or other papers at the time of the hearing although they advised the Court that they had filed a document with the Clerk's Office that morning.  The document was not available at the time of the hearing.  It was filed untimely per the Court's Order (ECF No. 85).  The Court heard from both Defendants at the hearing.

The pending motions were all filed by the Government (ECF Nos. 51, 56, and 65). The Defendants had not filed any motions in accordance with the Court's

**ORDER ON MOTIONS  ~ 1**

scheduling order (ECF No. 85 ) but made an oral motion for continuance in order to find legal counsel.  While the defendants were invited to respond to the Government's motions, the oral argument of the Defendants were only directed at the need for a continuance in order to seek counsel. The Defendants told the Court that they did not want stand-by counsel to be appointed.

After the hearing, the Court reviewed the document filed by the Defendants before the hearing (ECF No. 90). The document is a written Renewed Motion for Continuance with supporting materials.

Having heard the arguments of the parties and considered the written materials, the Court rules as follows:

**1. Defendants' Renewed Motion for Continuance (ECF No. 90)**

The Defendants ask the Court to continue the case in order to seek counsel to represent them.  The Court has continued the case for over a year to permit Defendants the opportunity to hire counsel. After multiple continuances, the Court found that further continuances to hire counsel would be futile ( ECF No. 85).  The materials filed by Defendants reaffirm the Court's prior finding of futility. Defendants materials that address efforts to locate counsel show no progress in achieving that aim and do not justify any confidence that further searches for counsel will be successful.  After reviewing the Defendants' supporting materials, the Court finds again that a continuance will not result in the Defendants representation by counsel.  The failure to hire counsel is the result of the Defendants' own decision and more time to make a different decision is not justified.  As noted by the Court earlier, the Court has an obligation to try cases within the time limits imposed by the Speedy Trial Act. The Court has extended this time for over a year to permit the Defendants time to hire counsel.  The public's interest in the resolution of cases is not served by a continuance. The Renewed Motion for Continuance is denied.

### 2. Government's Request for Discovery ( ECF No. 51)

The Government seeks discovery from Defendants of those items required by Fed.R.Crim.P. 16 and 12. The Defendants filed no response. The materials filed by the Defendants in support of the Renewed Motion for Continuance indicate that they have received thousands of pages of discovery from the Government in accordance with the Court's Order Regarding Discovery (ECF No. 11). Under the Rules and Court Order, the Government is entitled to discovery. The Court structures such discovery as follows.

The materials attached to the Defendants' Renewed Motion for Continuance (ECF No. 90) are considered to have been produced by Defendants and no further production of such materials is required. If Defendants' have any other things covered by Rule 16 (other than expert disclosure) that they intend to use as evidence at trial, they shall permit the Government to copy and inspect such things by August 17, 2012. Failure to permit such inspection and copying may be grounds for excluding such evidence if offered at trial. The Court previously ordered Defendants to file any expert disclosure by July 5, 2012 (ECF No. 85). No such disclosure has been filed with the Court.

### 3. United States Notice of Intention to Introduce and Motion in Limine (ECF No. 56)

The Government intends to introduce evidence of the Defendants' filing of tax returns from 1990 to 1996 as evidence of the Defendants' knowledge of the duty to file and the willful failure to file thereafter. It further seeks to produce evidence that the Defendants failed to file tax returns thereafter including returns that predate the charging period. This evidence is alleged to show absence of mistake and voluntariness in the failure to file. The Government also seeks to introduce evidence of correspondence between the Defendants and the Internal Revenue Service before and during the charging period. The Defendants filed no response.

The case law indicates that such evidence is properly considered by a jury. *See United States v. Powell*, 955 F.2d. 1206, 1210 (9ᵗʰ Cir. 1992)*; United States v. Bergman*, 813 F.2d 1027, 1029 (9th Cir. 1987)*; United States v. Verkuilen,* 690 F.2d 648, 656 (7th Cir.1982). Federal Rule of Evidence Rule 404(b) permits such evidence to be introduced in order to prove absence of mistake, intent, motive, and knowledge. Fed.R.Evid.404. Such evidence may also be closely connected with the charged offenses as part of the same series of transactions and facts. *Id.* The materials filed by the Defendants in support of their Renewed Motion for Continuance indicate that the Defendants questioning of the obligation to file tax returns began several years before the charging period and was evidenced in correspondence with the Internal Revenue Service. Correspondence between the Internal Revenue Service and Defendants, and tax filing and the failure to file before and during the charging period may be  relevant to intent, knowledge and motive as covered by Rule 404(b). Prejudice, if any, appears to be out weighed by probative value. In fact, such evidence may be relied upon by Defendants to show good faith and a lack of willfulness . *See United States v. Cheek*, 498 U.S. 192, 206 (1991); *Powell*, 955 F.2d at 1211. Upon a proper foundation, such evidence should generally be admitted. The Court reserves ruling on the specific evidence raised in this motion until trial.

**4. United States' Motion in Limine to Exclude Certain Exhibits and Limit Certain Testimony (ECF No. 65)**

This motion, among other things, seeks to prevent the Defendants from introducing evidence or making arguments about their tax liabilities that are not accurate statements of the law. The Defendants filed no response.

 While the Government has cited some examples in its' Brief, it is not possible for the Court to make a blanket ruling based on the record. The Supreme Court in *United States v. Cheek*, 498 U.S. 192, 206 (1991), dealt with this issue. Cheek could be characterized as a tax protester. He had been involved in numerous

suits with the Internal Revenue Service.  He took many of the positions advanced in the materials referenced in the Government's Brief and in the materials submitted by the Defendants in their Renewed Motion for Continuance.  These arguments included that Cheek was not a taxpayer within the meaning of the tax laws, that wages are not income, that the Sixteenth Amendment does not authorize the imposition of an income tax on individuals and is unenforceable.

The Court held: that it was "error to instruct the jury to disregard evidence of Cheek's understanding that, within the meaning of the tax laws, he was not a person required to file a return or to pay income taxes and that wages are not taxable income." *Cheek,* 498 U.S. at 203.  The Court also held that the taxpayer's views about the validity of the tax laws were irrelevant. *Id* at 206.  The lesson of *Cheek* appears to be that evidence and arguments about the taxpayer's belief about the constitutionality of the tax laws are not relevant but that evidence about the taxpayer's beliefs about the application and interpretation of the tax laws is relevant even if incredible.

On this basis, the Court denies the Motion with leave to renew with respect to specific items of evidence.

Accordingly, **IT IS HEREBY ORDERED**:

1.  The Defendants' Renewed Motion to Continue (ECF No. 90) is **DENIED**.

2.  The Government's Motion for Discovery (ECF No. 51) is **GRANTED, in part**.  If Defendants' have any other things covered by Rule 16 (other than expert disclosure) that they intend to use as evidence at trial, they shall permit the Government to copy and inspect such things on or before **August 17, 2012.**

3.  The Government's Motion in Limine Regarding the Admissibility of 404(b) Evidence (ECF No. 56) is **RESERVED** until trial.

///

///

1    4.  The Government's Motion in Limine to Exclude Certain Exhibits and

2  Limit Certain Testimony (ECF No. 65) is **DENIED**, with leave to renew.

3    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

4  Order and forward copies to counsel and Defendants.

5    **DATED** this 24th  day of July, 2012.

6

7

8    _s/Robert H. Whaley_
      ROBERT H. WHALEY
9    United States District Court

10

11

12

13  Q:\aCRIMINAL\2011\Vrieling\motions.ord.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER ON MOTIONS  ~ 6**