UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

J. Scott Vrieling,

Defendant.

NO. CR-11-057-RHW

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL; MOTION FOR RELEASE FROM CUSTODY; MOTION FOR WRIT OF HABEAS CORPUS *AD PROSEQUENDUM***

Before Court are Defendant's Motion for New Trial, ECF No. 205; Motion for Release from Custody, ECF No. 214; and Motion for Writ of Habeas Corpus *Ad Prosequendum*, ECF No. 228.

A hearing on Defendant's Motion for New Trial and Motion for Release from Custody is set for July 2, 2013. Defendant's Motion for Writ of Habeas Corpus *Ad Prosequendum* asks the Court to issue a Writ to secure Defendant's presence at the hearing. In deciding whether to issue the Writ, the Court has reviewed the briefing, and determined that a hearing is not necessary. As such, Defendant's request for the Writ is moot.

Pursuant to Fed. R. Cr. P. 33, Defendant moves for a new trial based on newly discovered evidence. The alleged newly discovered evidence is that he was defrauded and misled by Luis Ewing, an individual who held himself out to be an attorney. The motion asserts that the family of the Defendant found a series of emails sent and received by the Defendant and his wife before and after the trial.

These emails may be newly discovered to the family but they are not newly discovered to the Defendant. Defendant has not filed an affidavit or declaration to this effect. Rather, his counsel, who was retained by his family to file an appeal, filed the motion arguing Defendant and the Court have been defrauded by Mr. Ewing.

Rule 33(b)(2) provides that any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty. A motion for new trial based on newly discovered evidence is timely if it is filed within three years after the verdict or finding of guilty. Fed. R. Civ. P.33 (b)(1). Defendant argues his motion is timely because it is based on newly discovered evidence. In the alternative, Defendant asks the Court to extend the deadline because of excusable neglect.

Defendant's motion for new trial is untimely because it is not based on "newly discovered evidence" that relates to the elements of the crime charged. *See United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir. 1994) ("Newly discovery evidence "must be material to the issues involved, not merely cumulative or impeaching, and must indicate that a new trial probably would produce an acquittal."). Although couched as a motion based on fraud, the motion is best characterized as a motion for new trial based on a claim that Ewing was a lawyer representing Defendant who rendered ineffective assistance of counsel. In *Hanuoum,* the Circuit expressly ruled that a Rule 33 "newly discovered evidence" motion could not be brought on the basis of newly discovered ineffective assistance of counsel. *Id.* The Circuit reasoned that any action or inaction by counsel was material to the ineffective assistance of counsel claim, not whether the defendant was innocent or guilty of the crimes charged. *Id.*

Here, the evidence presented to the Court is not material to whether Defendant was innocent or guilty of the crimes charged. Rather, it is relevant to whether Defendant received ineffective assistance of counsel. As such, it cannot

be the basis for a motion for new trial based on newly discovered evidence.

Any motion for new trial not based on newly discovered evidence was required to be filed within 14 days after the October 5, 2012 verdict. Consequently, Defendant's motion is untimely to the extent it is not based on newly discovered evidence. Defendant asks the Court, pursuant to Fed. R. Cr. P. 45, to exercise its discretion and extend the 14 day deadline based on excusable neglect. To the extent the motion is best viewed as a motion based on a fraud perpetrated on the Court, the alleged fraud upon the Court was communicated by the Defendant himself, regardless of whether he was counseled to lie to the Court. Throughout the proceeding, Defendant held himself out to the Court and to the jury to be proceeding without counsel. It would reward Defendant for his false representations to the Court to consider Defendant's untimely motion for new trial. There are other avenues for the Defendant to pursue if he believes that his conviction should be collaterally attacked because of ineffective representation. *See Hanuoum,* 33 F.3d at 1131 (noting that newly discovered ineffective assistance of counsel may be raised in a habeas petition or on direct appeal in certain circumstances).

Generally, the Court permits oral argument if the parties request it. Pursuant to LR 7.1(h)(3)(B)(iii), the Court may decide that oral argument is not warranted. In this case, the Court finds that it is not necessary to conduct a hearing, given that as a matter of law, the motion for new trial is untimely.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for New Trial, ECF No. 205, is **DENIED**.
2. Defendant's Motion for Release from Custody, ECF No. 214, is **DENIED**, as moot.
3. Defendant's Motion for Writ of Habeas Corpus *Ad Prosequendum*, ECF No. 228, is **DENIED**, as moot.

///

4. Defendant's Motion to Expedite, ECF No. 229, is **GRANTED**.

5. The hearing on July 2, 2013 is **STRICKEN**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 20th day of June, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCRIMINAL\2011\Vrieling\newtrial.wpd